JAMES SAFFELL, ET AL., *v.* CITY OF FRANKFORT.

**Taxation—Sale of Real Estate at Tax Sale.**
   Proceedings to sell property for taxes must substantially conform to the statute; the omission of any step deemed essential to protect the taxpayer renders a tax sale void.

APPEAL FROM FRANKLIN CIRCUIT COURT.

January 25, 1876.

OPINION BY JUDGE COFER:

The charter of the city of Frankfort gives ample means of en-

forcing the payment of taxes due the city, and there was no necessity, and therefore no right to come into equity to enforce payment. *Johnson v. Louisville,* Mss. Opinion. Whether the appellants can hold the property discharged from the lien, if any, resting upon it when they purchased from Haley, is a question which does not arise in this case. If the city has a lien which might be enforced against them in a court of equity it can be enforced by pursuing the mode pointed out in the charter.

There seems never to have been an advertisement of the storehouse and residence for sale for the taxes for the year 1870. It is a well-established rule that proceedings to sell property for taxes must be in substantial conformity to the statute, and that the omission of any step in the proceeding deemed essential for the protection of the taxpayer renders the sale void. The advertisement required by the charter was intended for the benefit of the owners of property, and the alleged sales for taxes without advertising are void, and being void the sales do not affect the rights of either party or the remedy of the city.

If the sales had been merely voidable at the election of the owner of the property, the city could have enforced payment by suit in equity, for in that case it would have been without any other remedy.

The judgment is *reversed* and the cause is remanded with directions to dismiss the petition. Judgment *affirmed* on cross-appeal.

*W. H. Sneed, for appellants.    Lindsey, G. C. Drane, for appellee.*